COWART, Judge,
concurring specially.
We are affirming the permanent termination of the parental rights of a mother and father.
A parent has a duty to discipline and control a child yet the law will not permit the parent to use extreme measures to meet that duty. If, in attempting to meet its duty, a parent uses “excessive” measures of discipline in an effort to make the child obey and do the parent’s will, the law calls it child “abuse” and penalizes the parent by the forfeiture of the parent’s parental rights as to the abused child (and, perhaps on the theory of “prospective abuse,” by forfeiting parental rights as to other, non-abused, children). In this case the child was headstrong and determined and the mother used excessive force in efforts to make her 3V2 year old girl child obey. The mother’s parental rights are being permanently terminated because she used excessive force in attempting to make the child obey the mother.
Apparently the law also places a duty on a husband to control his wife’s actions relating to her disciplining their children. If the husband fails to meet that duty the law penalizes the husband by the forfeiture of his parental rights as to the child his wife abuses. In this case the wife was headstrong and determined and the father did not use measures sufficient to prevent his wife from using excessive and abusive force on the child to make it obey. The father’s parental rights are being permanently terminated because he did not use measures sufficient to prevent the mother from abusive discipline of the child. Per *316 haps[1] the husband did not use sufficient measures because reasonable measures, even excessive measures, would have been insufficient.
The father in this case did not abuse the child. We are penalizing the father by forfeiting his parental rights in the child because the father failed to use measures sufficient to control his wife’s excessive actions in disciplining the child. He is, in effect, being held vicariously liable for the mother’s acts of child abuse. Yet he would be criticized and punished if he used the same measures in attempting to control his wife that the wife used in attempting to control the child. What measures does the law permit the father to use that are harsh enough to make a determined wife stop abusing a child yet are mild (reasonable) enough that the law would not impose a penalty on the husband for their use on the wife? The parent with a child-abusing spouse is penalized by the law if harsh measures are used to control a strong-willed spouse and, as in this case, penalized by the law if such measures are not used.

.There is as little difference between unworkable alternatives as between rotten potatoes. There may be much difference of opinion but little difference in result between arguments that the father "could if he would but won’t” and "would if he could but can’t" — the result is the same: if one parent is prone to abuse a child, there is usually little the other parent can do to effectively prevent it.